**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____

LAVETTE BROWN,

    Plaintiff,

v.

THE FLORIDA HOUSING EXPERIENCE
MANAGEMENT CORP.,
a Florida Profit Corporation

    Defendant,
_____/

## DEFENDANT, THE FLORIDA HOUSING EXPERIENCE MANAGEMENT CORP.'S NOTICE OF REMOVAL

Defendant, The Florida Housing Experience Management Corp. ("Defendant" or "Florida Housing"), pursuant to 28 U.S.C. §§ 1331, 1441(a), 1367, and 1446, hereby removes Case No.: CACE-22-016562 from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division and as grounds for this removal states as follows:

### I. Statement of the Case

1. On November 7, 2021, Plaintiff Lavette Brown, filed a Complaint against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Lavette Brown v. The Florida House Experience Management Corp., Case No.: CACE-22-016562* (the "State Court Action").

2. Defendant, The Florida House Experience Management Corp., was served with the Summons and Complaint in the State Court Action on November 28, 2022. Copies of the Summons and Complaint are attached as Composite Exhibit A-1 to A-2 to this Notice.

3. In the Complaint, Plaintiff asserts six (6) counts against Defendant, including: (1) Race Discrimination in Violation of FCRA; (2) Color Discrimination in Violation of the FCRA; (3) Retaliation in Violation of the FCRA; (4) Race Discrimination in Violation of Title VII; (5) Color Discrimination in Violation of Title VII; and (6) Retaliation in Violation of Title VII.

4. Plaintiff's federal claims are predicated upon her contention that Defendant committed unlawful employment practices, specifically alleging that Defendant discriminated against her based upon her race and color in violation of Title VII. Additionally, Plaintiff alleges she was subject to retaliation in violation of Title VII. Plaintiff demands relief for compensatory damages and attorneys' fees.

5. Plaintiff's state claims are also predicated upon her contention that Defendant committed unlawful employment practices, specifically alleging that Defendant discriminated against her based upon her race and color in violation of the Florida Civil Rights Act ("FCRA"), and retaliation in violation the FCRA.

6. This Court may exercise removal jurisdiction over this dispute. Removal to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441, is proper because this Court has original jurisdiction based upon the federal claims set forth in the Complaint against Defendant for the alleged violation of Title VII, specifically the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. In addition to having original jurisdiction over Plaintiff's federal claims, this Court also has supplementary jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims in this action within such original jurisdiction that they form part of the same case and controversy arising out of the same common nucleus of operative facts.

**II.** **Federal Question Jurisdiction under 28 U.S.C. § 1331**

8. This Court has original federal question jurisdiction over this matter under 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441(a).

9. This action is removable to this Court because federal jurisdiction under 28 U.S.C. § 1331 exists over Plaintiff's claims for alleged violation of 42 U.S.C. § 2000e.

10. Plaintiff seeks actual and compensatory damages suffered as a result of the alleged violation of 42 U.S.C. § 2000e.

11. Plaintiff alleges that on or about November 2019, she was discriminated against when Defendant's employees allegedly subjected her to disparate treatment in the workplace by segregating her from other white employees.

12. As a result, Plaintiff alleges she was retaliated against when Defendant terminated Plaintiff for reporting the alleged discriminatory conduct.

13. The relief sought by Plaintiff includes an award of compensatory damages and attorney's fees, as well as a permanent injunction enjoining Defendant from engaging in any alleged discriminatory employment action and reinstatement to Plaintiff's same position or an equivalent position.

### III. Supplementary Jurisdiction under 28 U.S.C. § 1367

14. Pursuant to 28 U.S.C. § 1367, this Court has supplementary jurisdiction over Plaintiff's state claims because the state claims are so related to the federal claims in this action within such original jurisdiction that they form part of the same case and controversy arising out of the same common nucleus of operative facts.

15. Plaintiff adopts the same general allegations in the state claims as adopted in her federal claims, specifically her state claims are also based on her contention that on or about November 2019, she was discriminated against when Defendant's former employee allegedly

subjected her to disparate treatment in the workplace by segregating her from other white employees.

16. As a result, Plaintiff alleges she was retaliated against when Defendant terminated Plaintiff for reporting the alleged discriminatory conduct. Both the state and federal claims are thus based upon the same common nucleus of operative facts, that is, that Plaintiff was injured based on Defendant's alleged discriminatory and retaliatory conduct, giving this court supplementary jurisdiction to the state claims in this matter.

17. The relief sought by Plaintiff includes an award of compensatory damages for alleged emotional distress, embarrassment, and humiliation.

## IV. **All Procedure Requirements for Removal have been Satisfied**

18. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within 30 days of Defendant's receipt of the Summons and Complaint.

19. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because the United States District Court for the Southern District of Florida, Fort Lauderdale Division, is the federal judicial district embracing the place where the State Court Action is pending.

20. As required by 28 U.S.C. § 1446(a), attached as Composite Exhibit A-1 to A-6 to this Notice are copies of all process, pleadings, and orders served upon Defendant in the State Court Action.

21. To effectuate the removal of this case, Defendant has properly provided notice to all adverse parties and filed a copy of the Notice of Removal in the State Court Action as required by 28 U.S.C. § 1446(d).

22. This Notice of Removal is signed pursuant to Fed. R. Civ. R. 11 as required by 28 U.S.C. § 1446(a).

23. Defendant submits this Notice of Removal solely for the purpose of establishing federal subject matter jurisdiction, and denies any liability or basis for relief as alleged in the Complaint. This Notice of Removal is filed by Defendant without waiving any defenses or making any admission to Plaintiff's allegations, individually or on behalf of other individual defendants.

## V. Prayer for Relief

WHEREFORE, Defendant, The Florida Housing Experience Management Corp., respectfully requests: (i) the civil action captioned *Lavette Brown v. The Florida House Experience Management Corp., Case No.: CACE-22-016562,* pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, with a full reservation of all defenses; (ii) this Court properly exercise removal jurisdiction over this case; and (iii) that no further proceedings shall occur in the State Court Action.

DATED this 15th day of December, 2022.

> KELLEY KRONENBERG
> Angelo Filippi, Esq.
> *Counsel for Defendant*
> 10360 West State Road 84
> Fort Lauderdale, Florida 33324
> Tel: (954) 370-9970
> Fax: (954) 333-3763
>
> By: /s/ *Angelo M. Filippi*
> Angelo M. Filippi, Esq.
> Florida Bar No. 0880851
> afilippi@kelleykronenberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15th, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Angelo Filippi
Angelo M. Filippi, Esq.
Florida Bar No.: 0880851
afilippi@kelleykronenberg.com

**SERVICE LIST**

*Attorney for Plaintiff*
REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
csledin@rgpattorneys.com

*Attorney for Plaintiff*
REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 0188239
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
pmh@rgpattorneys.com