# EXHIBIT A-1

Filing # 160921687 E-Filed 11/09/2022 09:10:42 AM

LAVETTE BROWN,

     Plaintiff,

v.

THE FLORIDA HOUSE EXPERIENCE
MANAGEMENT CORP.
a Florida Profit Corporation,

     Defendant.

_____/

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE-22-016562

### SUMMONS IN A CIVIL CASE

**TO:** THE FLORIDA HOUSE EXPERIENCE MANAGEMENT CORP., through its Registered Agent:

     SOUTH FLORIDA BUSINESS LAWYERS, P.A.
     2637 E. ATLANTIC BLVD., #160
     POMPANO BEACH, FL 33062

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     PETER M. HOOGERWOERD, ESQ.
     REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
     2745 PONCE DE LEON BLVD.
     CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

               NOV 15 2022

_____       _____
CLERK                           DATE

_____
(BY) DEPUTY CLERK



BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/09/2022 09:10:41 AM.****

# EXHIBIT A-2

Filing # 160810327 E-Filed 11/07/2022 07:09:12 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

LAVETTE BROWN,

      Plaintiff,

v.                           CASE NO.:

THE FLORIDA HOUSE EXPERIENCE
MANAGEMENT CORP.
a Florida Profit Corporation,

      Defendant.

_____/

## **COMPLAINT**

    Plaintiff, LAVETTE BROWN (hereinafter "Plaintiff"), by and through the undersigned

counsel, hereby sues Defendant, THE FLORIDA HOUSE EXPERIENCE MANAGEMENT

CORP. (hereinafter "Defendant"), and in support avers as follows:

## **GENERAL ALLEGATIONS**

    1.     This is an action by the Plaintiff for damages exceeding $30,000, exclusive of

attorneys' fees or costs, declaratory and injunctive relief and damages under Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the

Florida Civil Rights Act of 1992, Florida Statute Section 760, *et seq*. ("FCRA"), to redress

injury done to Plaintiff because of discriminatory treatment on the basis of Race and Color

and for retaliation due to complaints of discrimination.

    2.     Plaintiff was at all times relevant to this action, and continues to be, a resident of

Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a

covered employee for purposes of the FCRA and Title VII.

3.      Defendant is a Florida Profit Corporation having a place of business in Broward County, Florida, where, at all times material hereto, Plaintiff worked for Defendant.

4.      Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due in Broward County.

5.      Defendant is a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statutes, the FCRA and Title VII.

6.      At all times material hereto, Plaintiff is an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq,* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and is subject to the employment discrimination provisions of the applicable statutes, the FCRA and Title VII.

7.      Plaintiff is a black, African American former employee of Defendant and she falls within one or more classes of individuals protected against discrimination in their employment under the applicable statutes, the FCRA and Title VII.

8.      Plaintiff previously filed a charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9.    More than 180 days have passed since the Plaintiff filed her charge of employment

discrimination and she has since requested or otherwise obtained the Determination and

Notice of Right to Sue letter from the EEOC. Plaintiff is now timely filing suit.

10.    All conditions precedent for the filing of this action before this Court have

previously been met, including the exhaustion of all pertinent administrative procedures

and remedies.

11.    Plaintiff has retained the undersigned counsel in order that her rights and interests

may be protected and has thus become obligated to provide them with a reasonable

attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.    Plaintiff was hired by Defendant on or about October 19, 2019, in the position of

Revenue Cycle Management III.

13.    Plaintiff's position with Defendant primarily concerned the collections of payments

from patients' medical insurance providers.

14.    Throughout Plaintiff's employment with Defendant, Plaintiff was subjected

offensive and discriminatory behavior by her supervisor, Sheri Stout (white).

15.    Throughout the time Plaintiff worked for Defendant, Stout would refer to Plaintiff

and other black employees of Defendant as "you people."

16.    Stout's behavior was not surprising to Plaintiff, as Plaintiff had previously

experienced Stout's discriminatory conduct when Stout was Plaintiff's director with a prior

employer.

17.    On or about November 2019, Stout called the Plaintiff and her other similarly

situated, black coworkers to a room to have a meeting led by Plaintiff's manager, Sonia

(LNU) (white), regarding the level of noise on the floor where Plaintiff and her coworkers were situated, excluding the similarly situated, white coworkers who had also been talking and contributing to the noise level.

18.     On or about late 2019, Defendant, through Sheri Stout, implemented a new seating chart for the floor where Plaintiff worked.

19.     Defendant's seating chart segregated employees' seating arrangements on the floor where Plaintiff worked by race and/or skin color, with the white employees grouped together on one side of the room and the black employees grouped together on the side.

20.     Plaintiff complained on multiple occasions about the segregated seating arrangements being discriminatory and divisive on the basis of employees' race and/or skin color.

21.     Plaintiff complained to Barbara (LNU) from Defendant's human resources about the racially discriminatory seating arrangements, but no meaningful action was taken to resolve the issues Plaintiff raised in her complaint.

22.     Plaintiff also complained about the racially discriminatory seating assignments to Jen (LNU), Defendant's mediator; however, this, too, was to no avail.

23.     On or about July 2020, Sheri Stout made some offensive, racially charged comments regarding an article she had read about white privilege.

24.     Plaintiff had initially been reluctant to report her complaints of discrimination because she had previously witness another black, former employee of Defendant, Melissa Prescott, being terminated shortly after reporting Sheri Stout's racism to HR.

25.     On or about July 2020, Plaintiff approached Stout directly to complain about her comments related to white privilege, as well as the other discriminatory actions Stout had

been involved in, such as the singling out of the black employees for noise and foul language on the floor and the segregated seating chart, telling her that her actions were harmful and discriminated against Plaintiff and her other similarly situated, black coworkers.

26.    Stout did not resolve the issues that Plaintiff brought to her attention.

27.    Plaintiff complained about the segregated seating arrangements being discriminatory and divisive on the basis of employees' race and/or skin color to Barbara (LNU) from Defendant's human resources and also to Jen (LNU), Defendant's mediator; however, both complaints were to no avail.

28.    On or about July 30, 2020, roughly a week after Plaintiff reported complaints of Sheri Stout's discriminatory conduct, Plaintiff was terminated from her employment with Defendant.

29.    At all times material hereto, Plaintiff was qualified for her position with Defendant.

30.    At all times material hereto, Plaintiff performed the essential function of her position with Defendant in an exemplary manner, performing her duties at satisfactory or above satisfactory levels.

31.    Defendants discriminated against Plaintiff based on her race and color and retaliated against her for reporting complaints of discrimination in Defendant's workplace.

32.    Any justification asserted by Defendant for its unlawful conduct is merely pretext for the unlawful discriminatory and retaliatory conduct complained of herein.

## COUNT I
### Race Discrimination in Violation of the FCRA

33.    Plaintiff readopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

34.     Plaintiff is a member of a protected class under the FCRA.

35.     By the conduct described above, the Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

36.     Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

37.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

38.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

42.     The actions of the Defendant and/or its agents were willful, wanton, and intentional,

and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal and Florida State law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

43.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that the Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*Color Discrimination in Violation of the FCRA*

44. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. By the conduct described above, the Defendant has engaged in discrimination against Plaintiff because of Plaintiff's color and subjected the Plaintiff to color-based animosity.

47. Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of color was unlawful but acted in reckless disregard of the law.

49. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

50. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

51. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

52. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory

rights under state and federal law.

53.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal and Florida State law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

54.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that the Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA*

55.     Plaintiff readopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

56.     Defendant is an employer as that term is used under the applicable statute referenced above, the FCRA.

57.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported and/or complained of the unlawful employment practices adversely affecting her pursuant to the FCRA.

58.     The foregoing unlawful actions by Defendant were purposeful.

59.     Plaintiff voiced her complaints to Defendant's unlawful employment practices during her employment with Defendant and was the victim of retaliation, thereafter, as related in part above.

60.     Plaintiff is a member of a protected class because she reported unlawful practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful practices and the adverse employment action taken thereafter.

61.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

62.     These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a.  Adjudge and decree that the Defendant has violated the FCRA, and has done so

willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### Race Discrimination in Violation of Title VII

63.     Plaintiff readopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

64.     At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

65.     The applicable statute, Title VII, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon Race considerations or reasons.

66.     The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform her position with Defendant.

67.     Plaintiff was qualified for her position with Defendant.

68.     The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities, treatment, and privileges.

69.     The Plaintiff was terminated due to her race and the reasons given by Defendant, if any, for Plaintiff's termination are mere pretext for illegal discrimination.

70.     As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

71.     Moreover, as a further result of the Defendant's unlawful race-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

72.     Defendant violated Title VII by discriminating against Plaintiff because of race in the terms, conditions, and privileges of employment.

73.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Title VII, protecting a person from discrimination in their employment because of race.

74.     The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a.  Declare that the acts complained of herein are in violation of Title VII;

   b.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

   c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

   d.  Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

   e.  Reinstate full fringe benefits and seniority rights to Plaintiff;

   f.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

   g.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

   h.  Grant such other and further relief as the Court deems just and proper.

**COUNT V**
*Color Discrimination in Violation of Title VII*

75. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

76. At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

77. The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform her position with Defendant.

78. Plaintiff was qualified for her position with Defendant.

79. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Black employees were allowed better work opportunities, treatment, and privileges.

80. The Plaintiff was terminated due to her color and the reasons given by Defendant, if any, for Plaintiff's termination are merely pretext for illegal discrimination.

81. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

82. Moreover, as a further result of the Defendant's unlawful color-based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

83. Defendant violated Title VII by discriminating against Plaintiff because of color in the terms, conditions, and privileges of employment.

84. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Title VII, protecting a person from discrimination in their employment because of color.

85. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a.      Declare that the acts complained of herein are in violation of Title VII;

b.      Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.      Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;

d.      Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position;

e.      Reinstate full fringe benefits and seniority rights to Plaintiff;

f.      Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g.      Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

h.      Grant such other and further relief as the Court deems just and proper.

## COUNT VI
### *Retaliation in Violation of Title VII*

86.     Plaintiff readopts each and every factual allegation as stated in paragraphs 1-32 above as if set out in full herein.

87.     Defendant is an employer as that term is used under the applicable statute referenced above, Title VII.

88.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported and/or complained of the unlawful employment practices adversely affecting her pursuant to Title VII.

89.     The foregoing unlawful actions by Defendant were purposeful.

90.     Plaintiff voiced her complaints to Defendant's unlawful employment practices during her employment with Defendant and was the victim of retaliation, thereafter, as related in part above.

91.     Plaintiff is a member of a protected class because she reported unlawful practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful practices and the adverse employment action taken thereafter.

92.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

93.     These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

h. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all the issues triable as of right by jury.

Dated: November 7, 2022

Respectfully submitted,

*/s/ Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
cseldin@rgpattorneys.com
**REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000

# EXHIBIT A-3

12/1/22, 4:04 PM                                    Case Detail - Public - Broward County Clerk of Courts



**BRENDA D. FORMAN**
CLERK OF THE COURTS
browardclerk.org ■ BROWARD COUNTY, FLORIDA



Menu ☰

---

**Is your court hearing being held via Zoom? Learn more about Remote
Court Hearings by Zoom.
(/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)**

---

# Case Detail - Public                                    🖨 Print

**Lavette Brown Plaintiff vs. THE FLORIDA HOUSE EXPERIENCE MANAGEMENT CORP
Defendant**

**Broward County Case Number:** CACE22016562
**State Reporting Number:** 062022CA016562AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 11/07/2022
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 02 Bowman, John B.

---

**—  Party(ies)**                                    Total: 2



| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Brown, Lavette** | | ★ Seldin, Corey Logan Retained Bar ID: 1026565 Mr. Corey Logan Seldin 7266 SW 88th St Apt 203 Miami, FL 33156-7775 **Status: Active** |
| Defendant | **THE FLORIDA HOUSE EXPERIENCE MANAGEMENT CORP** | | |

## − Disposition(s)                                                                          Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## − Event(s) & Document(s)                                                                  Total: 5

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 11/09/2022 | **eSummons Issuance** | THE FLORIDA HOUSE EXPERIENCE MANAGEMENT CORP | 📄 | 1 |
| 11/08/2022 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | None | 📄 | 1 |
| 11/07/2022 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 11/07/2022 | **Civil Cover Sheet** | Amount: $30,001.00 | 📄 | 3 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 11/07/2022 | **Complaint (eFiled)** | | 📄 | 17 |

### — Hearing(s)                                                                 Total: 0

> **There is no Disposition information available for this case.**

### — Related Case(s)                                                           Total: 0

> **There is no related case information available for this case.**

## Brenda D. Forman

### Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)                    ›

 (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)            ›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)                                  ›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)     ›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)                     ›

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)                            ›

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)                              ♿

PRINT                                     🖶

FREQUENTLY ASKED QUESTIONS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)      »

# Main Courthouse Location

201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

PUBLIC RECORDS CUSTODIAN (/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) ›
*PURSUANT TO 119.12(2), F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS (/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) ›
*PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public
records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.

© 2022 - All rights reserved

# EXHIBIT A-4

Case Number: CACE-22-016562 Division: 02

Filing # 160810327 E-Filed 11/07/2022 07:09:12 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE SEVENTEENTH  JUDICIAL CIRCUIT,
IN AND FOR BROWARD   COUNTY, FLORIDA

Lavette Brown
Plaintiff

Case # _____
Judge  _____

vs.

THE FLORIDA HOUSE EXPERIENCE MANAGEMENT CORP
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 11/07/2022 07:09:10 PM.****

# EXHIBIT A-5

**** FILED: BROWARD COUNTY, FL  Brenda D. Forman,  CLERK 11/8/2022 4:30:00 PM.****

## IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No: _____ 22 - 16562 _____

*Lavette Brown*
Plaintiff

Judge Division: _____ 02 _____

VS

*The Florida House Experience Mgmt Corp*
Defendant

FILED
NOV 08 2022
By _____

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC: "ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: *None*

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk

# EXHIBIT A-6

Filing # 160921687 E-Filed 11/09/2022 09:10:42 AM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

LAVETTE BROWN,

     Plaintiff,

v.                            CASE NO.: CACE-22-016562

THE FLORIDA HOUSE EXPERIENCE
MANAGEMENT CORP.
a Florida Profit Corporation,

     Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

**TO:** THE FLORIDA HOUSE EXPERIENCE MANAGEMENT CORP., through its Registered
Agent:

        SOUTH FLORIDA BUSINESS LAWYERS, P.A.
        2637 E. ATLANTIC BLVD., #160
        POMPANO BEACH, FL 33062

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
        2745 PONCE DE LEON BLVD.
        CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

                          NOV 15 2022

_____

CLERK                          DATE

_____

(BY) DEPUTY CLERK



**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/09/2022 09:10:41 AM.****